1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8    MARVELLOUS A:.X (GREENE),

9                  Plaintiff,                     No. CIV S-05-0330 GEB JFM P

10           vs.

11   C.D.C., et al.,

12                  Defendants.              ORDER

13   _____/

14           Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

15   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

16   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

17   § 636(b)(1).

18           Plaintiff has submitted a declaration that makes the showing required by 28

19   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.[1]

20           Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

21   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $0.83 will be assessed by this

22

23           [1] By order filed March 9, 2005, plaintiff was ordered to file within thirty days a complete
     in forma pauperis application.  Plaintiff failed to timely comply with the March 9, 2005 order
24   and, accordingly, on April 25, 2005, this court issued findings and recommendations
     recommending dismissal of this action without prejudice.  On May 4, 2005, plaintiff filed
25   objections to the findings and recommendations, and on May 11, 2005, plaintiff filed a complete
     in forma pauperis application.  Good cause appearing, the April 25, 2005 findings and
26   recommendations will be vacated.

                                                1

order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

1   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

2   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3          The court finds the allegations in plaintiff's complaint so vague and conclusory

4   that it is unable to determine whether the current action is frivolous or fails to state a claim for

5   relief.  The court has determined that the complaint does not contain a short and plain statement

6   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

7   policy, a complaint must give fair notice and state the elements of the claim plainly and

8   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

9   must allege with at least some degree of particularity overt acts which defendants engaged in that

10  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

11  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

12  an amended complaint.

13         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

14  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

15  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

16  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

17  there is some affirmative link or connection between a defendant's actions and the claimed

18  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

19  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  In addition, two of the three defendants named in

22  plaintiff's original complaint are identified only as John Doe and Jane Doe.  Plaintiff is informed

23  that the court cannot order service of process on any unidentified Doe defendant.

24         Plaintiff is also informed that the court cannot refer to a prior pleading in order to

25  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

26  complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed April 25, 2005 are vacated;

2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.83.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  May 27, 2005.

UNITED STATES MAGISTRATE JUDGE

12;gree0330.14

4