IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. X. GREENE,

        Plaintiff,                  No. CIV S-05-0330 GEB JFM P

   vs.

C. D. C., et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss this action pursuant to 28 U.S.C. § 1915(g).  Defendants contend that two lawsuits filed by plaintiff were, prior to the time this lawsuit was filed, dismissed for failure to state a claim upon which relief may be granted, and that one other lawsuit filed by plaintiff was, prior to the time this lawsuit was filed, dismissed for failure to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a).  Defendants contend all three dismissals qualify as "strikes" under 28 U.S.C. § 1915(g) and that this action should be dismissed pursuant to that statute.[1]

---

[1] For the reasons set forth infra, this court finds that only two of the three dismissals cited by defendants qualify as strikes under § 1915(g) and for that reason will recommend denial of the instant motion.  In addition, it is this court's view that dismissal of an action is not authorized by 28 U.S.C § 1915(g), even for plaintiffs who have suffered three prior qualifying dismissals.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The bar imposed by § 1915(g) applies to dismissals suffered both before and after enactment of the statute. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1997).

Defendants contend that three lawsuits filed by plaintiff and dismissed prior to commencement of this action qualify as strikes under 1915(g). The first, Greene v. I. Reyes, No. CIV S-00-0196 LKK DAD P, was dismissed by the district court in an order filed June 7, 2000, adopting in full findings and recommendations filed by the magistrate judge on May 10, 2000.

---

Section 1915(g), by its terms, authorizes only denial of in forma pauperis status. The United States Court of Appeals for the Ninth Circuit has not squarely addressed whether § 1915(g) authorizes dismissal of an action. Cf. Andrews v. King, 398 F.3d 1113, 1118 (9th Cir. 2005) (defense motion pursuant to Fed. R. Civ. P. 56(d) on ground that plaintiff had suffered three strikes under § 1915(g) in fact sought to vacate an order granting in forma pauperis status); cf. also Rodriguez v. Cook, 169 F.3d 1176 (9th Cir. 1999) (upholding the constitutionality of § 1915(g), dismissing an appeal without prejudice, but also holding that appellant "could resume this appeal upon prepaying the filing fee." Id. at 1182.
    Section 1915(g) provides "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) provides specific requirements for denial of in forma pauperis status, but nothing in its terms specifically authorizes dismissal of an action. By contrast, other provisions of the in forma pauperis statute do authorize, and indeed mandate, dismissal of an action under specified circumstances. See 28 U.S.C. § 1915(e)(1)-(2). Most notably, § 1915(e)(1) authorizes dismissal of an action where an applicant's "allegation of poverty is untrue," but makes no mention of dismissal where § 1915(g) precludes in forma pauperis status.
    In this court's view, § 1915(g) neither requires, nor in fact authorizes, dismissal of an action simply because an inmate is barred by its provisions from proceeding with an action in forma pauperis. Rather, the statute requires denial of in forma pauperis status. Where such status is denied pursuant to the provisions of § 1915(g), an inmate should be given an opportunity to prepay the entire filing fee before proceeding further with the action and should suffer dismissal only if he or she fails to comply with the order requiring such payment.

The order of the district court provides that the action was dismissed "for failure to state a cognizable claim." (Order filed June 7, 2000, at 2.) Review of the findings and recommendations adopted by that order shows that the magistrate judge found that plaintiff had "failed to state any constitutional claim upon which relief can be granted." (Findings and Recommendations, filed May 10, 2000, at 7.)[2] This case therefore qualifies as a strike under § 1915(g).

      The second action on which defendants rely, <u>Greene v. State of California</u>, No. CIV S-02-2398 FCD KJM P, was dismissed as legally frivolous. (<u>See</u> Order filed July 14, 2003; Findings and Recommendations, filed May 15, 2003.) It, too, qualifies as a strike under 28 U.S.C. § 1915(g).

      The third action on which defendants rely, <u>Greene v. Colvin</u>, NO. CIV S-00-1717 MCE GGH P, was dismissed on defendants' motion for judgment on the pleadings, due to plaintiff's failure to exhaust administrative remedies prior to suit. (<u>See</u> Order filed February 11, 2003; Findings and Recommendations filed December 11, 2002.) Defendants contend this dismissal also qualifies as a strike under 1915(g).

      The United States Court of Appeals for the Ninth Circuit has not addressed the question of whether a dismissal for failure to exhaust administrative remedies prior to suit qualifies as a strike under § 1915(g).[3] At least four circuit courts of appeals have addressed the

---

[2] The magistrate judge also found, in the alternative, that due process allegations contained in the complaint implicated the validity of a disciplinary conviction that had not been set aside and that plaintiff was precluded by the rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) from seeking damages under § 1983 for those claims. The magistrate judge elsewhere found that the due process allegations did not state a cognizable claim for relief, and thus the determination that any due process claim for damages was also barred by <u>Heck</u> does not alter the fact that this action was dismissed for failure to state a claim upon which relief may be granted.

[3] The United States Court of Appeals for the Ninth Circuit has, however, noted that "[n]ot all unsuccessful cases qualify as a strike under § 1915(g)" and that "§ 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews v. King</u>, 398

3

Case 2:05-cv-00330-GEB-JFM   Document 32   Filed 08/17/06   Page 4 of 5

issue. Two have decided that a dismissal for failure to exhaust administrative remedies prior to suit is not a strike under § 1915(g). See Green v. Young, _ F.3d _, 2006 WL 2061788 (4th Cir. July 26, 2006); see also Snider v. Melindez, 199 F.3d 108 (2nd Cir. 1999). One has decided that such a dismissal is "tantamount" to a dismissal for failure to state a claim upon which relief may be granted and, therefore, a strike under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). The United States Court of Appeals for the Tenth Circuit has also suggested that such a dismissal "may" qualify as a strike under § 1915(g). See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir 2003).

Both the Green court and the Snider court engaged in a thorough analysis of the issue. The Green court made, inter alia, the following findings:

> The PLRA's three-strikes provision by its terms applies only if a prisoner has had three prior actions dismissed as "frivolous, malicious, or [for] fail[ure] to state a claim upon which relief may be granted." 28 U.S.C.A. § 1915(g). Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute. Congress created the exhaustion requirement in the section of the PLRA immediately preceding the three-strikes provision, [footnote omitted] but Congress nonetheless declines to include a dismissal on exhaustion grounds as one of the types of dismissals that should be treated as a strike. Accordingly, we must honor Congress's deliberate omission from § 1915(g) of dismissals for failure to exhaust and conclude that a routine dismissal for failure to exhaust administrative remedies does not count as a strike under § 1915(g).

Green, slip op. at 3 (citing Snider, at 112). This court is persuaded by the reasoning of Green and Snider that a dismissal for failure to exhaust administrative remedies does not qualify as a "strike" under 28 U.S.C. § 1915(g). Accordingly, defendants' contention that plaintiff has suffered three dismissals that qualify as strikes within the meaning of § 1915(g) should be rejected.

/////

---

F.3d 1113, 1121 (9th Cir. 2005).

4

1    For the foregoing reasons, defendants' motion to dismiss should be denied.  Due
2 to the pendency of defendants' April 4, 2006 motion to dismiss, and good cause appearing,
3 defendants will not be required to file an answer to the amended complaint until further order of
4 court.
5    For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants'
6 October 28, 2005 motion to dismiss be denied.
7    These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served and filed within ten days after service of the objections.  The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
gree0330.mtd(1)