IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A.X. GREENE,

        Plaintiff,                      No. CIV S-05-0330 GEB JFM P

   vs.

C.D.C., et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed June 15, 2005. Therein, plaintiff alleges that in October 2004, he filed an inmate grievance to challenge actions by prison officials in connection with plaintiff's efforts to create a prison newspaper connected to a chess club. Plaintiff alleges that defendant Wagner refused to investigate plaintiff's claims unless he withdrew the grievance and used a different process, identified by plaintiff as "the GA-22 process." (Amended Complaint, filed June 15, 2005, at 3.) Plaintiff alleges that he filed another grievance and defendant Jackson also refused to investigate that grievance unless the issues were waived and the request sent on a GA-22 form to an unidentified coach. Finally, plaintiff alleges that defendant Runnels violated his constitutional rights by refusing to answer "all confidential communications via GA-22 and 602s." (Id. at 4.) Plaintiff also claims that defendant Runnels is violating his constitutional rights by not permitting him to publish the chess newspaper. (Id. at 6.)

/////

1

1    On April 4, 2006, defendants filed a motion to dismiss for failure to exhaust
2 administrative remedies pursuant to the non-enumerated part of Fed. R. Civ. P. 12(b) and for
3 failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On August 31, 2005, the court
4 advised plaintiff of the requirements for opposing a motion pursuant to the non-enumerated part
5 of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1109, 1120 n.14 (9th Cir. 2003). In
6 that same order, plaintiff was advised of the requirements for filing an opposition to the pending
7 motion and that failure to oppose such a motion might be deemed a waiver of opposition to the
8 motion.

9    On May 19, 2006, plaintiff was ordered to file an opposition or a statement of
10 non-opposition to the pending motion within thirty days. In the same order, plaintiff was
11 informed that failure to file an opposition would result in a recommendation that this action be
12 dismissed pursuant to Fed. R. Civ. P. 41(b). On June 14, 2006 and July 20, 2006, plaintiff
13 received extensions of time to file and serve an opposition to the motion. The July 20, 2006
14 order set a final deadline of September 12, 2006 for the filing of plaintiff's opposition or
15 statement of non-opposition.

16    Plaintiff did not file an opposition to the motion to dismiss, and on September 29,
17 2006, this court issued findings and recommendations recommending dismissal of the action
18 pursuant to Fed. R. Civ. P. 41(b). On October 10, 2006, plaintiff filed objections to the findings
19 and recommendations. By order filed January 30, 2007, the findings and recommendations were
20 vacated, the Clerk of the Court was directed to send plaintiff a copy of defendants' motion to
21 dismiss and the attachments thereto, and plaintiff was granted one final period of twenty-one
22 days in which to file and serve an opposition to the motion to dismiss. On February 23, 2007,
23 plaintiff filed a document styled "Notice" in response to the court's January 30, 2007 order. In
24 the notice, plaintiff states that he three boxes of his legal materials and personal property have
25 been "stolen" from him "via" prison staff at High Desert State Prison, and that his administrative
26 grievance therefrom has been denied. (Notice, filed February 23, 2007.) Plaintiff also alleges

that he "flat lined" from January 3-5 and was released from Mercy Hospital on January 12 and that since that time he has only been allowed to possess "case files." (Id.)

The alleged deprivation of access to his legal material has been the basis for several requests for extension of time and/or objections filed by plaintiff in this action since defendants' motion was filed. Good cause appearing, defendants' motion will be denied without prejudice to its renewal, as appropriate, accompanied by a response to plaintiff's numerous complaints of denial of access to, or loss of, several boxes of legal materials. Said response should address, as appropriate, any relationship between the alleged missing legal materials and the claims raised in this action. In addition, in any renewed motion defendants should address with specificity what administrative remedies are available to inmates to raise grievances concerning the processing of inmate appeals and, specifically, what administrative remedies were available to plaintiff to raise the claims presented in this action concerning alleged interference or other problems with the grievances described in the amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' April 4, 2006 motion to dismiss is denied without prejudice to its renewal in accordance with the terms and provisions of this order; and

2. Within thirty days from the date of this order, defendants shall file either a renewed motion to dismiss that addresses the issues identified in this order or an answer to the amended complaint.

DATED: February 27, 2007.

UNITED STATES MAGISTRATE JUDGE

12
gree0330.o