IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. X. GREENE,

        Plaintiff,                   No. CIV S-05-0330 GEB JFM P

    vs.

C. D. C., et al.,                         <u>AMENDED</u>

        Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>[1]

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' renewed motion to dismiss this action pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 12(b)(6). Defendants contend that plaintiff failed to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a). Defendants also contend that plaintiff has failed to state a cognizable claim for relief.

        This action is proceeding on plaintiff's amended complaint, filed June 15, 2005. The amended complaint contains the following allegations. In October 2004, plaintiff filed an inmate grievance to challenge actions by prison officials in connection with plaintiff's efforts to

---

[1] These findings and recommendations supersede those filed in this action on January 29, 2008.

1

create a prison newspaper connected to a chess club.  Defendant Wagner refused to investigate plaintiff's claims unless he withdrew the grievance and used a different process, identified by plaintiff as "the GA-22 process."  Amended Complaint, filed June 15, 2005, at 3.  Plaintiff filed another grievance and defendant Jackson also refused to investigate that grievance unless the issues were waived and the request sent on a GA-22 form to an unidentified coach.  Id.  Defendant Runnels refused to answer "all confidential communications via GA-22 and 602s."  Id. at 4.  Defendants are not allowing plaintiff to publish the chess newspaper.  Id. at 4.

The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Proper exhaustion of available remedies is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001); Woodford v. Ngo, 548 U.S. 81 (2006).  The grievance process must be completed before the inmate files suit; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address an inmate's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S. 810 (2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.  Defendants bear the burden of proving plaintiff's failure to exhaust.  Id. at 1119.

/////

1            In support of their motion to dismiss, defendants have presented evidence that the
2   appeals office at High Desert State Prison has no record of any inmate grievance filed by plaintiff
3   concerning any of the claims raised in this action.  See Ex. A to Defendants' Renewed Motion to
4   Dismiss, filed March 28, 2007, Declaration of Lt. R. Ivicevich, at ¶ 11.  In opposition to the
5   motion, plaintiff has presented a copy of a grievance dated October 7, 2004 that he attempted to
6   file a grievance with officials at High Desert State Prison (High Desert) concerning the denial of
7   permission to create "a chess bulletin, chess news letter, and chess materials."  Ex. D to
8   Plaintiff's Objection to Renewed Motion to Dismiss, filed April 5, 2007.  Therein, he requested a
9   meeting with "the institution head" to go over his plans for the chess newsletter and chess
10  matches for inmates at High Desert.  Id.  On or about October 12, 2004, the Appeals'
11  Coordinator's office at High Desert, over the signature blocks of defendants Jackson and
12  Wagner[2], screened out this grievance.  Id.  The form rejecting the grievance states that it was an
13  abuse of the appeal process because plaintiff had "not reasonably demonstrated that [his] appeal
14  issue(s) has adversely affected his welfare" and that it was "a request for information . . . not an
15  appeal."  Id.  Plaintiff was instructed to use a form GA-22 Inmate Request for Interview.  Id.
16  Plaintiff also avers, under penalty of perjury, that he sent a form GA-22 to the Warden.
17  Plaintiff's Objection, at 2, 4, 7, 11.
18           The United States Court of Appeals for the Ninth Circuit has held "that a prisoner
19  need not press on to exhaust further levels of review once he has either received all 'available'
20  remedies at an intermediate level of review or been reliably informed by an administrator that no
21  remedies are available."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  In the instant case,
22  plaintiff filed a grievance challenging the denial of his request to create chess publications and
23  run chess matches.  As noted above, the written response to that grievance from the Appeals'
24  Coordinator's office at High Desert, apparently prepared by defendant Wagner, informed

---

[2] This response appears to have been signed by defendant Wagner.

3

plaintiff that the grievance was an abuse of the appeal process, that the grievance was not an appeal, and that plaintiff should instead use a form for requesting an interview. Given that response, plaintiff was not required to proceed further through the administrative appeals process in an effort to challenge the denial of his request to publish chess materials and run a chess match. See Brown, id. Defendants' motion to dismiss this claim should be denied.

Defendants also contend that plaintiff failed to exhaust administrative remedies for his claims concerning defendant Jackson and Wagner's alleged refusal to investigate his grievances about being denied permission to create chess publications and defendant Runnels' alleged refusal to answer plaintiff's inmate grievances and requests for interviews. It is undisputed that plaintiff did not file administrative appeals to challenge these alleged acts and omissions. However, the October 12, 2004 response to plaintiff's October 7, 2004 grievance made it clear to plaintiff that administrative remedies were not available for issues related to his request for permission to publish chess materials and run chess matches. Having been told that it was an abuse of the appeals process to attempt to raise the substance of his challenge in that forum, plaintiff was not required to use the appeals process to grieve that response or the alleged failure of defendant Runnels' to respond to plaintiff's attempts to address the underlying issues directly with said defendant.

Finally, defendants contend that plaintiff has failed to state a cognizable claim for relief against defendants Jackson and Wagner because their involvement in this action was limited to their alleged roles in processing plaintiff's grievances concerning his request for permission to publish chess materials and run chess matches. Defendants contend plaintiff has no constitutional right to an administrative grievance procedure and, therefore, that he has failed to state a cognizable claim for relief against defendants Jackson and Wagner.

There are two ways in which acts or omissions related to the processing of inmate grievances implicate constitutional rights. One is if those acts or omissions interfere with an inmate's constitutional right to access the courts. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th

Cir. 1995).  The other is if acts or omissions related to the processing of the inmate's grievance ratify an underlying constitutional violation.  See Blankenhorn v. City of Orange, 485 F.3d 463, 485-486 (9th Cir. 2007).

In the instant case, review of plaintiff's amended complaint shows that his claim against defendants Jackson and Wagner is based on allegations that these defendants "refused to investigate" the claims in his 602s "unless" the 602s were withdrawn and plaintiff instead used a different form to request an interview.  Amended Complaint, at 5.  The description of the claim includes a request that the court find that plaintiff has exhausted his administrative remedies with respect to the underlying claim concerning the chess publication.  Id.

Plaintiff's claim against defendants Jackson and Wagner is that they interfered with his right to access the courts by refusing to process his inmate grievance.  That claim is cognizable in this § 1983 action.  See Bradley, supra.  For the reasons set forth supra, the record before the court suggests that the response by defendant Wagner to this grievance demonstrates that no administrative remedies were available to plaintiff.  Nonetheless, defendants have taken the position that plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a) with respect to his underlying claim.  As long as defendants continue to maintain the position that there were administrative remedies at a level of review higher than defendant Jackson and Wagner's office at High Desert available to plaintiff for his underlying claim, plaintiff's claim that the response to his grievance interfered with his right to access the courts should not be dismissed for failure to state a claim for relief.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' March 28, 2007 motion to dismiss be denied; and

2. Defendants be directed to answer the amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

1  after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
4  failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
gree0330.mtd2amd