IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. X. GREENE,

    Plaintiff,

vs.

C. D. C., et al.,

    Defendants.

No. CIV S-05-0330 GEB JFM P

<u>ORDER AND</u>

<u>FINDINGS & RECOMMENDATIONS</u>

/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed June 15, 2005. Broadly construed, plaintiff's amended complaint has two claims: that defendants Jackson and Wagner interfered with plaintiff's right to access the courts by refusing to process plaintiff's inmate grievances concerning his request to create a chess club and to publish a chess newsletter at High Desert State Prison (High Desert), and that defendants violated his rights under the First Amendment in connection with plaintiff's efforts to create the chess club and to publish the chess newsletter. This matter is before the court on cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56.

/////

/////

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. <u>See</u> <u>Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

/////

On August 31, 2005, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

ANALYSIS

I. Undisputed Facts

On October 7, 2004, plaintiff filed an inmate grievance against the prison employee at High Desert who was responsible for all officially sanctioned inmate tournaments at the prison. In the grievance, plaintiff alleged that the coach had made a "unilateral choice" to deny plaintiff "the right to create a chess bulletin, chess newsletter, and chess materials to be published by a prisoner." Ex. A to Complaint, filed February 18, 2005, at 3. Plaintiff requested a meeting with "the institution head to go over the plans" that he had for a chess newsletter and running chess matches on the yard at High Desert. Id. On October 12, 2004, defendant Wagner screened out plaintiff's appeals as an abuse of the appeals process, on the grounds that plaintiff (1) had "not reasonably demonstrated that [the] appeal issue(s)" had adversely affected his welfare; and (2) the appeal was a request for information, not an appeal. Id. at 2. Accompanying the latter reason were instructions to use a "form GA-22, Inmate Request for Interview." Id. On or about October 18, 2004, plaintiff filed another appeal concerning the same subject; that appeal was rejected by defendant Jackson for the same reasons given by defendant Wagner. Defendants' Ex. D, filed November 6, 2008, at 113-114. Defendant Runnels never received any correspondence from plaintiff concerning a request to publish a chess newsletter. See Declaration of D. Runnels, filed November 6, 2008.

In his motion for summary judgment, plaintiff contends that (1) the manner in which his grievance was processed interfered with his ability to exhaust administrative remedies and, therefore his right to access the courts; (2) defendants are not allowing plaintiff to publish a chess newsletter; and (3) defendant Runnels is liable for violations of plaintiff's right to due

process once he was placed on notice of the alleged violations.[1]  Defendants seek summary judgment on the grounds that (1) neither of them tried to prevent plaintiff from publishing a chess newsletter; and (2) neither of them caused plaintiff any constitutional injury because plaintiff was neither ready nor able to publish the newsletter while he was at High Desert. Defendants also contend that they are entitled to qualified immunity from liability.

  A. <u>Interference with Access to the Court</u>

    Plaintiff seeks summary judgment on his claim that defendants Jackson and Wagner interfered with his right to access the courts by refusing to process his inmate grievances. As the court noted in its February 8, 2008 amended findings and recommendations on defendants' motion to dismiss this action for failure to exhaust administrative remedies, this claim remained viable as long as defendants continued "to maintain the position that there were administrative remedies at a level of review higher than defendant Jackson and Wagner's office at High Desert available to plaintiff for his underlying claim."  Amended Findings and Recommendations, filed February 8, 2008, at 5.  Defendants have now tendered the merits of plaintiff's underlying claim to the court in their cross-motion for summary judgment and have thereby removed any obstacle to litigation of the merits of that claim.  Plaintiff's motion for summary judgment on this claim should therefore be denied and summary judgment should be entered for defendants on this claim.

  B. <u>First Amendment</u>

    "A prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.  Thus, challenges to prison restrictions that are asserted to inhibit First Amendment

/////

---

[1] Plaintiff also argues that he has been subjected to ongoing retaliation since he filed his first civil rights action in 1999.  There is no retaliation claim raised in the amended complaint on which this action is proceeding.  <u>See</u> Amended Complaint, filed June 15, 2005.

interests must be analyzed in terms of the legitimate policies and goals of the corrections system. . . ." Pell v. Procunier, 417 U.S. 817, 822 (1974).

The undisputed facts show that none of the defendants prevented plaintiff from publishing a chess newsletter. Upon receipt of plaintiff's inmate grievances, defendants Jackson and Wagner advised plaintiff that the administrative appeals process was not the appropriate procedure for getting the permission he sought and advised him to use a different procedure. The requirement that plaintiff follow a specific procedure in order to seek permission to publish a chess newsletter did not violate his rights under the First Amendment. Further, although plaintiff argues that defendant Runnels was put on notice of plaintiff's efforts to publish a chess newsletter, he has presented no evidence to support these assertions and defendant Runnels has averred that he never received any correspondence from plaintiff concerning his request to publish the chess newsletter.[2] Defendants are entitled to summary judgment on the merits of plaintiff's First Amendment claim.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 24, 2008 motion for summary judgment be denied;

2. Defendants' November 6, 2008 cross-motion for summary judgment be granted; and

3. Summary judgment be entered for defendants in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Arguments in plaintiff's motion for summary judgment suggest that his claim against defendant Runnels may be predicated on a theory of respondeat superior. See Motion for Summary Judgment, filed October 24, 2008, at 7. As a general rule, supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

1 "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that
2 failure to file objections within the specified time may waive the right to appeal the District
3 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED: March 31, 2009.

UNITED STATES MAGISTRATE JUDGE

12
gree0330.msj